```
         IN THE UNITED STATES DISTRICT COURT FOR
       THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                              *
JERMOL CHIN, pro se,
                              *
     Petitioner,
                              *   CRIMINAL NO.: WDQ-06-0552
          v.                       CIVIL NO.: WDQ-09-2137
                              *
UNITED STATES OF AMERICA,
                              *
     Respondent.
                              *

*   *   *   *   *   *   *   *   *   *   *   *   *
```

MEMORANDUM OPINION

On June 14, 2007 Jermol Chin pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and was sentenced to 180 months' imprisonment. Pending is Chin's *pro se* motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. The Court has determined that no hearing is necessary. *See* Rule 8 of the Rules Governing § 2255 Proceedings. For the following reasons, the motion will be denied.

I.  Background

The following facts were agreed to by Chin and included in the plea agreement, which Chin signed. Gov's Opp., Ex. 1. On October 9, 2006, Baltimore City Police Officers responded to a report that a man walking with an unleashed pit bull was carrying a gun openly as he tried to un-jam it. *Id*. The officers approached Chin and demanded that he leash the dog and put his

1

hands up. *Id*. When Chin refused to comply, the officers drew their weapons. *Id*. Chin was then searched, and a loaded pistol was discovered in his pocket. *Id*.

On December 7, 2006, Chin was indicted on one count of being a felon in possession of a firearm. Paper No. 1. On January 19, 2007, Joanna Silver, Esq. of the Office of the Federal Public Defender was appointed to represent Chin. Paper No. 7. On January 23, 2007, Gregory Gilchrist, Esq., also of the Public Defender's Office, took over the representation. Paper No. 23. Gilchrist filed motions to suppress statements, Paper No. 13, and tangible evidence, Paper No. 14. Gilchrist also represented Chin in plea negotiations with the Government, *see* Gov. Opp., Ex. 1, at the June 14, 2007 plea hearing, *id*., and at the November 6, 2007 sentencing, Hr'g Tr. 2:10-14, Nov. 6, 2007. At sentencing, the Court determined that Chin had three prior convictions of serious drug offenses and therefore sentenced him to the statutory mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), of 180 months. Hr'g Tr. 9:22-12:19, 20:22-25.

On November 27, 2007, Chin appealed his sentence, arguing that under *Blakely v. Washington*, 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005), the Court erred in sentencing him under the ACCA based on predicate convictions that were neither admitted by him nor proven to a jury beyond a

2

reasonable doubt.  *United States v. Chin*, 316 Fed. Appx. 290, 290 (4th Cir. 2009).  Finding that argument foreclosed by precedent, the Fourth Circuit affirmed the sentence.  *Id*.  On June 15, 2009, Chin's petition for certiorari to the Supreme Court was denied.  *Chin v. United States*, 129 S. Ct. 2814 (2009).  On August 13, 2009, Chin filed this motion.  Paper No. 28.

II.  Analysis

Chin raises four arguments in support of his motion: (1) the gun was recovered in a search that violated the Fourth Amendment; (2) his conviction rested on illegally obtained evidence and was thus illegal under the Fourth Amendment; (3) Gilchrist provided ineffective assistance by failing to "request and follow through on a motion to suppress" the evidence; and (4) Patel provided ineffective assistance by not "follow[ing] through" on the motion to suppress on appeal.

A.   Fourth Amendment Claims

Chin's guilty plea forecloses his two Fourth Amendment claims.[1]  A valid guilty plea waives all nonjurisdictional defects, including constitutional defects, in the proceedings

---

[1] The basis for Chin's Fourth Amendment claims is unclear because although he filed a motion to suppress the gun and ammunition, the motion was not litigated or adjudicated; Chin pled guilty before the Government responded to the motion.

3

conducted prior to the entry of the plea.[2]  Because "[a] plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding final judgment of guilt and a lawful sentence," a defendant has no nonjurisdictional ground upon which to attack that judgment except the inadequacy of the plea.  *See United States v. Broce*, 488 U.S. 563, 569 (1989))(internal quotation marks omitted).  Thus, "when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary."  *Id*.  Chin does not contend that his plea was involuntary, unintelligent, or that there was a defect in the plea colloquy.[3]  His Fourth Amendment challenges to the proceedings prior to the plea are barred.

---

[2] *See Tollet v. Henderson*, 411 U.S. 258 267 (1973); *United States v. Bundy*, 392 F.3d 641, 644 (4th Cir. 2004); *United States v. Willis,* 992 F.2d 489, 490 (4th Cir. 1993).

[3] In his Reply, Chin argues that the statement of facts in the Government's Opposition--the same statement of facts that appeared in the plea agreement--is inconsistent with police reports relating to his arrest.  This argument seems to be intended to discredit the Government's Opposition, and not to suggest that there was a defect in the plea agreement or that his decision to plead guilty was unintelligent or involuatary.  In any case, there is no discrepancy between the police reports (which Chin attached to his Reply) and the statement of facts in the

B.   Ineffective Assistance of Counsel

The Sixth Amendment guarantees the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prove ineffective assistance, Chin must show: (1) counsel's performance was deficient and (2) the deficiency prejudiced his defense. *Id*. at 687. To show deficient performance, Chin must establish that counsel made errors so serious that the "representation fell below an objective standard of reasonable- ness." *Id*. at 688. To show prejudice, he must demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

Chin alleges ineffective assistance of trial counsel (Gilchrist) and appellate counsel (Patel). With regard to trial counsel, because Chin pled guilty, the focus is whether counsel's "performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). In other words, Chin must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*.

The two-pronged *Strickland* standard applies to claims that appellate counsel was ineffective for failing to pursue an

---

plea agreement.

argument on direct appeal.  *See Bell v. Jarvis*, 236 F.3d 149, 164 (4th Cir. 2000).  A reviewing court must accord appellate counsel, "the presumption that he decided which issues were most likely to afford relief on appeal."  *Id.*

    1.    Performance of Trial Counsel

Chin argues that Gilchrist's performance fell below an objective standard of reasonableness because he failed to (1) "request" and (2) "follow through" on a motion to suppress tangible evidence.

The arguments appear to be inconsistent; Chin faults Gilchrist for failing to file a motion to suppress and failing to follow through on the motion that was filed.  Gilchrist filed a "Motion to Suppress Tangible and Derivative Evidence and Any Statements Obtained as Result of an Illegal Arrest" on February 7, 2007.  Paper No. 14.  Thus, Chin's first argument is baseless.  Chin's argument that Gilchrist failed to follow through on the motion appears to be based on the fact that the motion was not adjudicated before Chin decided to plead guilty.  Chin contends that if the Court had decided the motion, it would have been granted and the case dropped.  This argument is thus not about Gilchrist's performance but the course of the proceedings in this Court.  That the Court did not adjudicate Chin's motion before he decided to plead guilty is not a basis for a Sixth Amendment claim for ineffective assistance of counsel.  Chin has not

6

established any deficiency in Gilchrist's performance.

        2.   Performance of Appellate Counsel

Chin argues that appellate counsel Paresh Patel was ineffective because he did not "follow through" on the motion to suppress the was filed in this Court. Chin's claim appears to be that Patel erred by failing to pursue the suppression issue on appeal. Because the motion to suppress was not adjudicated by this Court, there was no basis for an appeal. Further, by pleading guilty, Chin waived his right to challenge defects in the proceedings before his plea. *See Tollet v. Henderson*, 411 U.S. 258 267 (1973). Chin does not cite any other shortcoming in Patel's performance, and thus has not established that Patel provided ineffective assistance on appeal.

Because Chin has not established the deficient performance[4] of Gilchrist or Patel, his motion to vacate, set aside, or correct his sentence will be denied.

January 6,2010                                  /s/
Date                                       William D. Quarles, Jr.
                                              United States District Judge

---

[4] Because Chin has not established the deficient performance of Gilchrist or Patel, the Court need not address whether Chin was prejudiced by their performance.